[794 NYS2d 757]

Matter of ROBERT R. KINNE, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Peti-
tioner.

Fourth Department, March 18, 2005

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District
Grievance Committee*, Buffalo, for petitioner.

*Robert B. Kinne*, Jamestown, respondent pro se.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on January 19, 1993, and maintains an office for the practice of law in Jamestown. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of clients and with acts of misconduct arising from his two arrests on the same morning for driving while intoxicated, which resulted in his conviction of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]) and driving while ability impaired (§ 1192 [1]). Respondent filed an answer denying material allegations of the petition and a referee was appointed to conduct a hearing. After the hearing, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent filed no papers in opposition to the motion and failed to appear before this Court to submit matters in mitigation.

The Referee found that, in a criminal matter, respondent failed to notify his client of the receipt of bail funds that the client expected to receive and that respondent instead applied the bail funds to his fee. His failure to timely comply with a directive of City Court in two civil matters involving that client resulted in the dismissal of the matters. Additionally, respondent advanced financial assistance to a client while representing the client in a personal injury matter and failed to remove his earned fee in that matter from his attorney trust account in a prompt manner. With regard to his Vehicle and Traffic Law convictions, respondent admitted that he had consumed alcohol prior to operating his motor vehicle and that he drove again following his release from custody, which resulted in the second arrest. Finally, he admitted that he failed to comply with attorney registration requirements.

We confirm the findings of fact made by the Referee and conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-103 (b) (22 NYCRR 1200.22 [b])—advancing or guaranteeing financial assistance to a client while representing the client in connection with contemplated or pending litigation;

DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4])—failing to maintain disputed funds in a special account;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client or third person promptly of the receipt of funds in which the client or third person has an interest; and

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to pay promptly to the client or third person as requested by the client or third person funds in the possession of the lawyer that the client or third person is entitled to receive.

Additionally, we conclude that respondent has violated Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 by failing to comply with attorney registration requirements.

We have considered the failure of respondent to respond to the Grievance Committee's motion or to appear before this Court to submit matters in mitigation. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of one year and until further order of the Court.

GREEN, J.P., SCUDDER, GROSKI, PINE and HAYES, JJ., concur.

Order of suspension entered.